[No. 21269–9–I.   Division One.   October 10, 1988.]

DOROTHY CAMER, ET AL, *Appellants,* v. SEATTLE SCHOOL DISTRICT NO. 1, ET AL, *Respondents.*

*Dorothy Camer,* pro se, and *Daniel H. Smith* and *Smith, Midgley & Pumplin, P.S.,* for appellants.

*Lawrence Ransom* and *Karr, Tuttle & Campbell,* for respondents Seattle School District, et al.

*Jane Fantel* and *Lopez, Fantel & Taylor,* for respondent Watson.

SCHOLFIELD, C.J.—Dorothy Camer and her three children appeal the superior court judgment dismissing their claims against the Seattle School District and numerous named individuals. We affirm.

## FACTS

On June 30, 1986, Dorothy Camer and her three children brought an action for a declaratory judgment against the Seattle School District and numerous named individuals. By their complaint, the Camers sought a declaratory judgment to test the adequacy of the conduct of school district personnel with relation to their responsibilities under Washington's basic education act. The complaint alleged the violation of specific statutes, including the failure of the Seattle Public Schools to teach the state constitution, lack of an adequate process for resolving grievances, failure to develop student learning assessments, use of arbitrary procedures for discipline, failure to provide an optimum learning atmosphere, failure of the principals to supervise the educational program, failure to provide the designated instruction, failure of the school directors to enforce the laws, squandering of public funds, fraud and conspiracy,

failure of the District to provide for the safety and welfare of students and failure of the District to provide a uniform school system. By amendment to the complaint filed September 23, 1986, another defendant, Jewell Woods, was added.

In April 1980, Dorothy Camer brought a suit against the District, the Superintendent of Public Instruction (SPI), and a number of district personnel (many of whom are named as defendants in the present suit) on behalf of her two children. Camer v. Brouillet, King County cause 80-2-05307-8, affirmed in *Camer v. Brouillet,* noted at 31 Wn. App. 1097, *review denied,* 97 Wn.2d 1042 (1982). She objected to the fashion in which the District has implemented the student learning objectives (SLO's) law, RCW 28A.58.090, and The Washington Basic Education Act of 1977, RCW 28A.58.750. Mrs. Camer asserted that both children had been denied adequate instruction, that her children's schools had failed to provide a "healthy environment conducive to education" and a program to meet the "individual and collective needs of the plaintiffs and their fellow students," and that the children had been denied their right to a basic education under the Washington Constitution, article 9, section 1. She further asserted her frustration with available administrative processes. She sought damages and a declaratory judgment on basic education as defined by the SLO's, and prayed for relief based on RCW 28A.58.750 *et seq.* Summary judgment was granted against Mrs. Camer. The judgment was affirmed by the Court of Appeals, which denied Mrs. Camer's claim for a declaratory judgment on the ground no justiciable controversy was present. The court also held she had no standing to bring a private cause of action under the SLO's, and that she had no standing to sue for educational malpractice. The Supreme Court denied review.

Mrs. Camer brought a similar suit in federal court, including among the defendants the Attorney General, the King County Prosecuting Attorney, the SPI, and other school officials. Camer v. Eikenberry, No. C81-682M (W.D.

Wash. June 11, 1981), affirmed in *Camer v. Eikenberry,* noted at 703 F.2d 574 (9th Cir.), *cert. denied,* 464 U.S. 828 (1983). In the federal action, Mrs. Camer alleged that her son Kirk had been denied equal access to programs offered by the District and had been denied instruction in various elements of the published curriculum necessary to attain the SLO's for his grade, including those related to Washington State government. The United States District Court dismissed the case, and dismissal was affirmed by the Ninth Circuit in an unpublished opinion. The United States Supreme Court denied certiorari.

On December 15, 1986, the trial court entered an order of dismissal and summary judgment dismissing all of the Camers' claims in the present action, but reserving to the Camers the opportunity to replead their claims of fraud and conspiracy within 30 days. The trial court granted attorney's fees to defendants on the ground that a number of the Camers' allegations and claims were frivolous and specifically found that the Camers' second amended complaint seeking to add Jewell Woods as a defendant was frivolous on its face.

On January 14, 1987, the Camers repleaded their claims of fraud and conspiracy. On March 18, 1987, the court filed an order of dismissal and summary judgment regarding the fraud and conspiracy claims. This appeal timely followed. The Camers first sought direct review from the Washington Supreme Court, which was denied.

RES JUDICATA

■ Res judicata ensures the finality of decisions. A final judgment on the merits bars parties or their privies from relitigating issues that were or could have been raised in that action. *Mellor v. Chamberlin,* 100 Wn.2d 643, 645, 673 P.2d 610 (1983). The rule is stated as follows:

> In Washington res judicata occurs when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and

(4) the quality of the persons for or against whom the claim is made.

*Mellor v. Chamberlin, supra* at 645.

In applying these criteria to the facts at bar, we find that this case is barred by the doctrine of res judicata. The present case and *Camer v. Brouillet, supra,* are so substantially similar that there is no clear basis for distinguishing them. First, in both cases the subject matter pertains to the adequacy of the manner in which school administrators are implementing the constitutional and statutory directives regarding education. Secondly, although the cause of action is not phrased in identical terms, in both cases the plaintiffs essentially argue the same issue—that the School District and administrators are not following statutory and constitutional requirements regarding curriculum and administration. The same statutes and constitutional provisions are relied upon in both cases. Furthermore, their claim that the Washington State Constitution was not taught could have been raised in the prior lawsuit, even though no Camer child had yet graduated, because at the time of the suit they could have discovered whether teaching the state constitution was in the curriculum. Third, although an additional Camer child is a plaintiff in the present action, we hold that the persons and parties are essentially the same. Counsel for Camer claims that res judicata does not apply because Miki, a 13–year–old child named as plaintiff in this case, was not involved in any of the previous cases. However, the quality of the plaintiff is the same in both cases. *See Rains v. State,* 100 Wn.2d 660, 664, 674 P.2d 165 (1983). If we adopted the Camers' reasoning on this issue, each time another Camer child entered the Seattle school system, they would have the right to bring exactly the same complaint and have it heard through the judicial system. Finally, the persons against whom the claim is made, the District, administrators, and teachers are qualitatively the same parties for purposes of applying the doctrine of res judicata. *See Rains v. State, supra.* The

Camers may not now relitigate issues that were or could have been raised in the prior actions.

## PRIVATE CAUSE OF ACTION

The next issue before us is whether RCW 28A.02.080 and RCW 28A.05.050 create a judicially enforceable duty, on the part of local school districts, to teach the state constitution to public school students. We find that the Camers have not shown that a private right of action exists.

RCW 28A.02.080 provides in relevant part that the study of the Constitution of the State of Washington shall be a condition prerequisite to graduation from the public and private high schools of this state. RCW 28A.05.050 requires the State Board of Education to prescribe a 1–year course of study in the history and government of the United States, and the equivalent of a 1–semester course of the study in the State of Washington's history and government. Accordingly, WAC 180–50–120 and –130 were adopted, which require all schools to provide a 1–semester high school level course in Washington history and government, including "a study of the Washington state Constitution", WAC 180–50–120(2), and a similar 1–year course in United States history and government. The Camers argue that the Seattle School District does not comply with these requirements.

In *Cort v. Ash*, 422 U.S. 66, 78, 45 L. Ed. 2d 26, 95 S. Ct. 2080 (1975), the Court adopted the following test for determining whether a private remedy is implicit in a statute not expressly providing one:

> In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," . . . Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the

concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? (Citations omitted.)

Assuming for the sake of argument that the Camers are within the class for whose especial benefit the statute was enacted, the language of the statutes cited by Camer is devoid of any expression or indication of an intent on the part of the Legislature to create a private cause of action for damages. Nor has Camer cited any legislative history showing such a legislative intent.

Generally, the statutory scheme indicates to the contrary. RCW 28A.58.090 provides for periodic reviews of curriculum and the SLO's by school district boards of directors, the SPI, and the State Board of Education. These matters are, by practical necessity, largely discretionary with those charged with the responsibilities of school administration. Courts and judges are normally not in a position to substitute their judgment for that of school authorities, *Millikan v. Board of Directors,* 93 Wn.2d 522, 611 P.2d 414 (1980), nor are we equipped to oversee and monitor day–to–day operations of a school system.

Moreover, implying a private cause of action would not be consistent with the purposes of the legislative scheme, which seeks to set up general guidelines for producing an ample education for Washington state citizens as mandated by Const. art. 9, § 1, to be administered within the discretion of the school board and its officers. The Legislature has limited judicial review to designated persons aggrieved "by any decision or order of any school official or board . . ." RCW 28A.88.010.

The present administrative setup involving the Board of Education and the Superintendent of Public Instruction provides a proper chain of accountability for education and is adequate to address the problems. Finally, the Legislature can impose sanctions against the district that fails to comply in the discharge of its duties by withholding its funding. WAC 180–16–195(3).

The Camers' allegations do not state a cause of action arising under either the Washington or the United States Constitutions. Const. art. 9, § 1 imposes a judicially enforceable affirmative duty on the State to make ample provision for the education of children. *Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 585 P.2d 71 (1978). The Camers do not allege facts which constitute a violation of this provision. Nor do the Camers show actual damage or injury, and therefore, they have no standing to bring a cause of action for violation of constitutional provisions. *See Seattle Sch. Dist. 1 v. State, supra* at 494.

The Camers also make several additional assignments of error. First, the Camers assign error to the trial court's finding that most of the actions or inactions alleged by the Camers fall within the broad discretionary authority of the Seattle School District, its administrators, and its certified staff, all of whom are public officers and therefore are immune from liability for such decisions. Next, the Camers assign error to the trial court's finding that the Camers did not make proper service on any of the individual defendants except Kenneth Dorsett, Michael Hoge, William Kendrick, Chris Kato, David Stevens, Jewell Woods and Elizabeth Wales. The Camers also assert that the trial court erred in finding that their claims against the individual defendants were barred by the statute of limitations. Finally, the Camers argue that the trial court erred in finding that the Camers failed to state a claim for fraud and in finding that the Camers cannot recover for educational malpractice.

It serves no purpose to discuss these assignments individually, when all of them are disposed of by our holding that this action is barred by res judicata and that there is no private cause of action for the complaints that the Camers make in this case.

### FRIVOLOUS CLAIM AS TO JEWELL WOODS

The Camers also argue that their claim as to Jewell Woods was not frivolous and that an award of attorney's fees is unauthorized prior to litigation.

Former RCW 4.84.185 states in pertinent part:

> In any civil action, the court having jurisdiction may, upon final judgment and written findings by the trial judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . .

The Camers cite *Whetstone v. Olson,* 46 Wn. App. 308, 732 P.2d 159 (1986) as support for their argument that attorney's fees may not be awarded under RCW 4.84.185 for defending a frivolous action when the case is dismissed prior to the plaintiffs' presentation of their entire case. However, RCW 4.84.185 was amended in 1987 to include orders on summary judgment.

■ Statutes generally operate prospectively unless remedial in nature. A statute is remedial when it relates to practice, procedure or remedies and does not affect a substantive or vested right. *Miebach v. Colasurdo,* 102 Wn.2d 170, 180–81, 685 P.2d 1074 (1984). We deem attorney's fees to be remedial in nature and therefore give the statute retroactive effect.

In the present case, the amended complaint adding Jewell Woods as a defendant alleged that Woods arrived late to an appointment with Mrs. Camer and refused to allow Mrs. Camer to copy her lesson plans, which contained no material covering the constitution. These facts do not state a cause of action that can be supported by any rational argument on the law or facts. Therefore, we find that the trial court did not abuse its discretion in awarding attorney's fees to Woods.

FRIVOLOUS APPEAL

RAP 18.9(a) authorizes the appellate court, on its own initiative, to order sanctions against a party who brings an appeal for the purpose of delay. Sanctions may include, as compensatory damages, an award of attorney's fees to the opposing party. *See* Comment, RAP 18.9, 86 Wn.2d 1272 (1976); *Bill of Rights Legal Found. v. Evergreen State College,* 44 Wn. App. 690, 723 P.2d 483 (1986). In determining whether an appeal is brought for delay under RAP 18.9(a), "our primary inquiry is whether, when considering the record as a whole, the appeal is frivolous, *i.e.,* whether it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Streater v. White,* 26 Wn. App. 430, 434, 613 P.2d 187, *review denied,* 94 Wn.2d 1014 (1980). All doubts as to whether an appeal is frivolous should be resolved in favor of the appellant. *Streater v. White, supra* at 435.

In applying these criteria, we find that this appeal is frivolous. This case presents essentially the same claims and issues on which the Camers were defeated in two prior cases. Nevertheless, the Camers have persisted in appealing this case even though they present no debatable issues and their position is so devoid of merit that there is no possibility of reversal.[1]

Judgment affirmed.

WEBSTER and WINSOR, JJ., concur.

Reconsideration denied December 7, 1988.

Review denied by Supreme Court February 28, 1989.

---

[1]We make no award of attorney's fees for the reason respondent has not complied with RAP 18.1.