11 P.3d 833 (2000)
103 Wash.App. 62
Marvin G. PEDERSON and Terri L. Pederson, husband and wife, Feed Systems, Inc., a Washington Corporation, Respondents,
v.
George H. POTTER and Sula G. Potter, husband and wife, Petitioners.
No. 18823-0-III.
Court of Appeals of Washington, Division 3, Panel Five.
October 24, 2000.
*835 Stanley E. Perdue, Spokane, for Petitioners.
Dennis P. Hession, Richter, Wimberley P.S., Spokane, for Respondents.
*834 SCHULTHEIS, J.
George and Sula Potter and Marvin and Terri Pederson executed a settlement and release as the result of the Pedersons' inability to meet their obligations to the Potters with respect to the sale of a business. The Pedersons failed to meet their obligations under the release, thereby permitting the Potters to execute a confession of judgment. The Pedersons thereafter sued the Potters for damages resulting from the initial sale. The Potters moved to dismiss the suit on the basis of res judicata. The court denied the motion, finding res judicata did not apply because the confession of judgment was not a final judgment on the merits. Claiming this was error, the Potters appeal. We reverse.
In 1991, George and Sula Potter sold all of their interest in Feed Systems, Inc. (FSI), to Marvin and Terri Pederson pursuant to a Stock Purchase Agreement. The Pedersons also entered into a five-year lease with the Potters for the building and property in which the FSI operations were housed.
After they took over the business, the Pedersons discovered that the status of several of the business's accounts were not as they believed them to be. FSI began to have financial difficulties, and in 1993, the Pedersons closed the business and abandoned the leased premises.
Thereafter, the Pedersons defaulted on their obligations to the Potters under the Promissory Note and the Lease Agreement. Despite the Pedersons' concerns about the problems with the status of the financial accounts, they entered into negotiations with the Potters to resolve the outstanding debts. Although the Pedersons believed that the Potters had misrepresented the financial status of FSI prior to the sale, they did not mention these concerns during negotiation.
On November 12, 1993, the Pedersons and the Potters signed a Settlement Agreement and Release. As part of this agreement, the Pedersons also signed a confession of judgment, which the Potters could file, if the Pedersons defaulted on the terms of the agreement. In 1995, the Pedersons were unable to continue to make the payments required under the release. The Potters executed and filed the confession of judgment.
On July 1, 1996, the Pedersons and FSI filed a complaint against the Potters for misrepresentation and breach of the 1991 Stock Purchase Agreement. The Potters filed a motion to dismiss arguing that the doctrine of res judicata barred the lawsuit. They based their res judicata claim on the entry of the confession of judgment. The court treated this as a motion for summary judgment.
The court denied the motion for summary judgment dismissal finding that the doctrine of res judicata did not apply because the confession of judgment was not a final and valid judgment on the merits. This court accepted the Potters' motion for discretionary review.
The Potters appeal the trial court's ruling that the doctrine of res judicata did not operate as a bar to the Pedersons' lawsuit against them. Res judicata ensures the finality of decisions. Camer v. Seattle Sch. Dist. No. 1, 52 Wash.App. 531, 534, 762 P.2d 356 (1988), cert. denied, 493 U.S. 873, 110 S.Ct. 204, 107 L.Ed.2d 157 (1989). Res judicata, or claim preclusion, prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action. Loveridge v. Fred Meyer, Inc., 125 Wash.2d 759, 763, 887 P.2d 898 (1995). Application of the doctrine requires identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) cause of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made. Id. Res judicata also requires a final judgment on the merits. Schoeman v. New York Life Ins. Co., 106 Wash.2d 855, 860, 726 P.2d 1 (1986); State v. Drake, 16 Wash.App. 559, 563-64, 558 P.2d 828 (1976).

Final Judgment
The parties first dispute whether the confession of judgment was a final judgment on the merits. The confession of judgment *836 was entered pursuant to RCW 4.60.050. Under the statute, the entry of the judgment is permitted without notice and hearing. Copeland Planned Futures, Inc. v. Obenchain, 9 Wash.App. 32, 36, 510 P.2d 654 (1973). A judgment entered pursuant to RCW 4.60.050 is valid and entitled to full faith and credit. Id.
No case deals precisely with whether a confession of judgment is a final judgment for the purposes of res judicata. But there are cases involving "consent judgments." A confession of judgment requires the consent of both parties to the judgment. See RCW 4.60; Copeland, 9 Wash.App. at 36, 510 P.2d 654. Because the confession of judgment is a type of consent judgment, the cases dealing with consent judgments are persuasive.
In 1991, this court considered whether a party was precluded from raising an issue in a lawsuit that had not been raised in an earlier administrative hearing which was terminated by a stipulated dismissal. Dunning v. Paccerelli, 63 Wash.App. 232, 818 P.2d 34 (1991), review denied, 118 Wash.2d 1024, 827 P.2d 1392 (1992). The court considered the stipulated dismissal to be a "consent judgment" and indicated that such judgments are not ordinarily given issue preclusion effect. Id. at 242, 818 P.2d 34. The reason for this is the "parties could settle for myriad reasons not related to the resolution of the issues they are litigating." Id. (quoting Marquardt v. Federal Old Line Ins. Co., 33 Wash.App. 685, 689, 658 P.2d 20 (1983)). The court thus held that the doctrine of collateral estoppel (issue preclusion) did not bar the relitigation of the issue. Id. at 243, 818 P.2d 34.
Last year, West Virginia considered whether a consent judgment should be given collateral estoppel effect and in doing so looked to see how other jurisdictions had resolved this issue. Meadows v. Wal-Mart Stores, Inc., 207 W.Va. 203, 530 S.E.2d 676 (1999). The court discovered that traditionally courts had been divided as to whether to give a consent judgment collateral estoppel effect. Id. at 693. But legal commentators had begun to criticize courts that permitted giving such a judgment collateral estoppel effect. Id. Most courts that have recently addressed this issue have adopted the rule that a consent judgment is not a judicial determination of the issues raised, but rather a reflection of the settlement agreement of the parties. Id. at 694. Because a judgment can be given collateral estoppel effect only as to issues actually and necessarily litigated, a consent judgment cannot be given collateral estoppel effect because the issues resolved were not litigated. Id. The West Virginia court found this reasoning persuasive and adopted the rule that a consent judgment has no issue preclusion effect. Id. at 695.
But collateral estoppel and res judicata are not the same. Res judicata, or claim preclusion, bars the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action. Loveridge, 125 Wash.2d at 763, 887 P.2d 898. Application of the doctrine requires identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) cause of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made. Id. Collateral estoppel, or issue preclusion, prevents relitigation of an issue after the party estopped has already had a full and fair opportunity to present its case. Hanson v. City of Snohomish, 121 Wash.2d 552, 561, 852 P.2d 295 (1993). The requirements for application of the doctrine are: (1) the issue decided in the prior adjudication must be identical with the one presented in the second; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice. Id. at 562, 852 P.2d 295. Unlike res judicata, collateral estoppel requires the parties have a full and fair opportunity to present their case. Collateral estoppel also requires the same adjudication, while res judicata only requires a "prior judgment."
Thus, unlike the rule for collateral estoppel, the cases dealing with the issue of whether a "consent judgment" was a final judgment for purposes of res judicata concluded that such a judgment was final for the purposes of res judicata. See, e.g., Prawdzik v. Heidema Bros., Inc., 352 Mich. 102, 112, *837 89 N.W.2d 523, 528 (1958); Southern Ohio Coal Co. v. Kidney, 100 Ohio App.3d 661, 668, 654 N.E.2d 1017, 1021 (1995); Rowe v. Grapevine Corp., 206 W.Va. 703, 527 S.E.2d 814 (1999); see also Sheldon R. Shapiro, J.D., Annotation, MODREN VIEWS OF STATE COURTS AS TO WHETHER CONSENT JUDGMENT IS ENTITLED TO RES JUDICATA OR COLLATERAL ESTOPPEL EFFECT, 91 A.L.R.3d 1170 § 3 (1979). Washington has also indicated that it will give res judicata effect to a settlement order, i.e., consent judgment. See 14 LEWIS H. ORLAND AND KARL B. TEGLAND, WASHINGTON PRACTICE § 367 n. 1 (1996).
As stated above, a confession of judgment is agreed to by both parties, and as such is a form of consent judgment. Most states have determined that a consent judgment is a final judgment for res judicata purposes. But we do not believe that this is the best way to approach this issue. We refuse to adopt the bright line rule that a confession of judgment is a final judgment for the purposes of res judicata.
We believe the best approach is to define "final judgment on the merits." This approach will permit the courts of this state to analyze when a particular judgment is a final judgment on the merits for res judicata on a case by case basis.
After considering several definitions of "on the merits," we have concluded that Georgia provides the best definition for "on the merits" given the policies and purposes behind the doctrine.
"In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined on the merits, in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases."
CenTrust Mortgage Corp. v. Smith & Jenkins, P.C., 220 Ga.App. 394, 397, 469 S.E.2d 466, 469 (1996) (quoting Gamble v. Gamble, 204 Ga. 82, 88-89, 48 S.E.2d 540 (1948)) (punctuation omitted). We adopt this definition.
Under this definition the confession of judgment would qualify as a judgment on the merits because the Pedersons knew of their potential claims against the Potters when they settled and signed the confession of judgment. They had the opportunity to be heard on these claims, and have them disposed of, but chose not to do so.
The purpose and goal of res judicata is also served by this outcome.
Broadly stated, preclusion principles developed under the rubric of res judicata and collateral estoppel are designed to prevent repetitive litigation of the same matters.
A number of facts support this goal, particularly as it relates to claim preclusion. First, and most important, is the integrity of the legal system; a legal system that permits the litigation of the same claims again and again is hardly worthy of the name. There is no assurance that the second or third decision on a claim will be more reliable than the first. Second, is the element of finality and repose, both as a societal matter and as a matter affecting the successful litigant. Third parties, successors in interest, creditors, and other members of the commonality should be able to carry forward their affairs in reliance on a judgment duly entered. The successful party should not be subjected to the vexation and exhaustion of resources that repetitive litigation may entail. Thus, judicial resources are finite. The court should not be burdened by a party's desire for another chance, and perhaps yet another.
14 ORLAND & TEGLAND, supra § 359 (footnotes omitted).
The Potters sold FSI to the Pedersons. The Pedersons defaulted on their financial obligations to the Potters. The parties agreed to a settlement of the amount owed, which resulted in a confession of judgment. The Pedersons now allege that the Potters misrepresented material facts in the initial sale. This allegation has a direct impact on the amount of money the Pedersons owed the Potters. If the Potters had misrepresented facts, the initial sale agreement may not have been valid, and thus the Pedersons *838 would not owe the Potters any money for the default. The confession of judgment was executed pursuant to the settlement agreement in which the Potters and Pedersons agreed to the amount owed under the initial agreement. The Pedersons were aware of the potential claim and could have and should have brought it up at the time of the settlement. They failed to do so, thereby allowing the Potters to believe that this matter had been fully resolved. This is the very situation that res judicata was intended to prevent. Concluding that the confession of judgment is a final judgment on the merits for res judicata purposes serves the policy behind the doctrine.
Because we have concluded that the confession of judgment was a final judgment on the merits, we must now determine if the remaining four requirements of res judicata: identity of (1) persons and parties; (2) cause of action; (3) subject matter; and (4) quality of persons were met. See Loveridge, 125 Wash.2d at 763, 887 P.2d 898.

Persons and Parties
In addition to a final judgment, res judicata requires that both causes of action have identity in persons and parties. Id. at 763, 887 P.2d 898. Both actions involve the Pedersons and the Potters. There is identity in persons and parties.

Cause of Action
Res judicata also requires identity in cause of action. Id. While there is no specific test for determining such identity, the following criteria should be considered: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Kuhlman v. Thomas, 78 Wash.App. 115, 122, 897 P.2d 365 (1995).
The confession of judgment entered determined that the Pedersons were financially liable to the Potters for the sale of FSI. As a result of the confession of judgment the Pedersons' debt to the Potters for the sale was satisfied. Now, the Pedersons claim that the Potters misrepresented facts to them and breached the Stock Purchase Agreement. If the Pedersons are permitted to pursue their complaint, they will in effect argue they were not obligated to pay the Potters under the terms of the sale because of the breach. Yet the settlement and confession of judgment already established the rights and liabilities of the parties. Thus, relitigating would impair the rights and liabilities already established. Both actions also involve the same evidence and the infringement of the same right-who owes who what under the sale agreement. Furthermore, both suits arise from the same transactional nucleus of facts. Thus, there is identity in causes of action.

Same Subject Matter
Res judicata next requires identity of subject matter of both actions. Loveridge, 125 Wash.2d at 763, 887 P.2d 898. Both actions involve the Stock Purchase Agreement between the Pedersons and the Potters. Thus, there is identity of subject matter.

Quality of Persons
Finally, res judicata requires identity in the quality of persons for or against whom the claim is made. Because the parties are identical, the quality of the persons is also identical. See Rains v. State, 100 Wash.2d 660, 664, 674 P.2d 165 (1983).

Conclusion
The confession of judgment was a final judgment on the merits for purposes of res judicata. The four elements of res judicata are met in this case. Thus under the doctrine of res judicata, the Pedersons' complaint against the Potters was barred. The court should have granted summary judgment dismissal of the claim.[1]
*839 Because the issue is dispositive, we decline to address whether the settlement release also barred this lawsuit.

Attorney Fees
Last, the Potters have requested an award of attorney fees pursuant to a clause in the Stock Purchase Agreement. A court may award attorney fees based upon a contract, statute, or recognized ground of equity. Hertz v. Riebe, 86 Wash.App. 102, 105, 936 P.2d 24 (1997). The prevailing party is entitled to attorney fees when the contract on which the action is based provides for fees. Id.; RCW 4.84.330. The prevailing party is the "party in whose favor final judgment is rendered." RCW 4.84.330.
Section 17 of the Stock Purchase Agreement provides for an award of attorney fees to the prevailing party in any action brought to enforce the terms of the agreement. This action revolved around issues pertaining to the original Stock Purchase Agreement and the rights and liabilities therefrom. The Potters are the prevailing party on appeal, and as such they are entitled to an award of fees.
We reverse and dismiss the Pedersons' claim on res judicata grounds. We grant the Potters' request for fees on appeal.
KURTZ, C.J., and BROWN, J., concur.
NOTES
[1] The Pedersons argue that the application of res judicata to this case would impair their due process rights. Res judicata should not be applied in a manner so that a party is deprived of his or her property rights without having his or her day in court. Meder v. CCME Corp., 7 Wash. App. 801, 804, 502 P.2d 1252 (1972), review denied, 81 Wash.2d 1011 (1973). But, the Pedersons could have had their day in court, had they chosen to raise their claim during the settlement negotiations. It was their own choice not to pursue the claim. They could have brought their claim, or refused to sign the confession of judgment. Thus, they deprived themselves of their day in court. Application of res judicata to this claim does not deprive the Pedersons of their due process rights.