# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| THEODORE B. EDENSTROM; DEAN G. EDENSTROM; and LOGAN A. EDENSTROM, | No. 52768-5-II |
| Appellants, | |
| v. | |
| THURSTON COUNTY RESOURCE STEWARDSHIP DEPARTMENT, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. – Theodore B. Edenstrom, Dean G. Edenstrom, and Logan A. Edenstrom, all self-represented litigants, appeal the trial court's dismissal of their writ of quo warranto action against Thurston County Resource Stewardship Department and Thurston County District Court (collectively the County). The court concluded that res judicata barred the Edenstroms' action. The Edenstroms appeal contending the court's dismissal is contrary to the customary usage of law because the court erroneously applied the doctrine of res judicata. We affirm.

## FACTS

The Edenstroms own waterfront property in Thurston County. They moor barges on the shores of the property for their commercial business. In November 2013, the County sent a letter to the Edenstroms, notifying them that they were violating County zoning ordinances. The parties met to discuss the violation, but ultimately the Edenstroms did not request a permit and the County took no legal action.

In 2016, almost three years after the County issued its notice of violation letter, Theodore Edenstrom filed a 42 U.S.C. § 1983 action in United States District Court, alleging numerous constitutional violations, including due process and regulatory takings. The federal court dismissed the action in summary judgment. The court dismissed all claims with prejudice except the regulatory takings claim, which it dismissed without prejudice because Edenstrom had not shown that the 2013 violation letter was a final decision and that Edenstrom had exhausted Thurston County's appeal procedure before filing suit.

The Edenstroms then requested a writ of quo warranto in Mason County Superior Court.[1] The Edenstroms again alleged due process violations, arguing their land was "Outside the jurisdictional control of the defendant County." Clerk's Papers (CP) at 47. The Edenstroms requested a writ requiring the County to "answer to the State of Washington by what warrant of authority" they had to limit the Edenstroms' use of their property. CP at 47. The Department argued that the Edenstroms' issues had been litigated in another forum; thus, they were barred under the doctrine of res judicata. The superior court agreed, and dismissed the matter. The Edenstroms filed a notice of appeal with the Supreme Court, which transferred the matter to us.

ANALYSIS

The Edenstroms contend the superior court erred in dismissing their quo warranto action. We conclude res judicata bars the Edenstroms' quo warranto action; thus, the superior court properly dismissed their action.

Legal issues regarding the propriety of a writ are reviewed de novo. *Burd v. Clarke*, 152 Wn. App. 970, 972, 219 P.3d 950 (2009). Likewise, whether res judicata bars a claim for relief is

---

[1] The Edenstroms also filed a writ of prohibition, which the trial court dismissed. That dismissal order is not the subject of this appeal.

an issue of law that we review de novo. *Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co.*, 175 Wn. App. 222, 227, 308 P.3d 681 (2013).

A quo warranto action is used "to correct an alleged usurpation or unlawful holding of a public or corporate office.*" King County Dep't of Cmty. & Human Servs. v. Nw. Defs. Ass'n*, 118 Wn. App. 117, 127, 75 P.3d 583 (2003). The action is brought to oust any person intruding upon a public office. *State ex rel. Banks v. Drummond*, 187 Wn.2d 157, 168, 385 P.3d 769 (2016).

Res judicata is an affirmative defense that bars relitigation of claims and issues that were litigated, or could have been litigated, in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). The purpose of the doctrine is "to prevent piecemeal litigation and ensure the finality of judgments." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005).

For res judicata to apply, there must have been a final judgment on the merits in a prior action. *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000). The subsequent action must also be identical with the first action with respect to "(1) persons and parties; (2) cause of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made." *Spokane Research & Def. Fund*, 155 Wn.2d at 99.

Assuming without deciding that this is truly a quo warranto action, all of the required elements of res judicata are present to bar the claim. The parties do not dispute that the parties are the same, the subject matter is the same, and the quality of persons for or against whom the claim is made is the same. At issue is whether the causes of action are the same.

Regarding identity of causes of action, res judicata applies to what might or should have been litigated as well as what was litigated. *Hadley v. Cowan*, 60 Wn. App. 433, 440-41, 804 P.2d 1271 (1991).

Edenstrom filed a 42 U.S.C. § 1983 action alleging numerous constitutional violations, including due process. The federal court dismissed the matter in summary judgment and the Ninth Circuit affirmed. *Edenstrom v. Thurston County*, 715 Fed. Appx. 752, 754 (9th Cir. 2018) (unpublished). The Edenstroms again alleged due process violations in their quo warranto action. While a request for a writ and a § 1983 claim are different methods for relief in state and federal courts, the causes of action based on a due process violation are the same in this case.

The Edenstroms argue that a dismissal "without prejudice" precludes application of the res judicata doctrine. Br. of Appellant at 5. They fail to cite to the record to point us to what they are referring. Indeed they provide no citations to the record to support any of their factual statements as required under RAP 10.3(a)(5). Nevertheless, we assume they are referring to the federal court's dismissal of the regulatory takings claim, which was dismissed without prejudice because Edenstrom failed to show the 2013 violation letter was a final order and that he followed the County's appeal procedures before filing suit.

Dismissal of an action "with prejudice" is a final judgment on the merits of a controversy for purposes of res judicata, *Berschauer Philips Constr. Co.*, 175 Wn. App. at 228 n. 11, but a dismissal without prejudice may not be. *See Pederson v. Potter*, 103 Wn. App. 62, 70, 11 P.3d 833 (2000). Here, the arguments raised in the Edenstroms' quo warranto action are identical to those dismissed with prejudice in the federal courts. Even assuming the regulatory takings claim was specifically raised in the quo warranto action, the Edenstroms cannot rely on the without prejudice language to preclude summary judgment when they continue to fail to show the 2013 violation letter was a final decision and that they exhausted their administrative remedies. Given all, the federal court's without prejudice dismissal of the regulatory takings claim does not preclude application of res judicata principles in the quo warranto action.

Because all the required elements of res judicata are present, the superior court did not err by dismissing the Edenstroms' quo warranto action.[2]

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Lee, A.C.J.

_____

[2] In their October 29, 2018 Additional Statement of Authorities, the Edenstroms challenge the superior court's jurisdiction to consider their quo warranto action. Article IV, section 6 of the Washington Constitution addresses the jurisdiction of superior courts and provides (among other matters) that superior courts "shall have power to issue writs of . . . quo warranto."