# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| EDWARD M. GOODMAN and BERNICE S. GOODMAN, husband and wife,<br><br>Respondents,<br><br>v.<br><br>MICHAEL J. GOODMAN,<br><br>Appellant,<br><br>MARY F. GOODMAN, CHANCE GOODMAN, a single man, and TYSON GOODMAN, a single man,<br><br>Defendants. | DIVISION ONE<br><br>No. 79408-6-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — This appeal is an attempt to relitigate a land dispute that was resolved almost a decade ago. Michael Goodman, unsatisfied by the prior resolution of a land dispute with his brother, Edward Goodman, and his brother's wife, Bernice Goodman, seeks reversal of an order requiring him to permit Edward[1] and Bernice to access their property through an easement burdening his adjacent property. There being no merit to any of Michael's contentions, we

---

[1] To avoid confusion, the parties will be referred to herein by their first names.

Citations and pin cites are based on the Westlaw online version of the cited material.

affirm. Because his appeal is frivolous, we also award sanctions against Michael under RAP 18.9(a).

I

In 1977, Ruth Goodman, the mother of Edward and Michael, conveyed 26 acres of property, adjacent to Lake Campbell in Skagit County, to Edward and Bernice. In 1979, Edward and Michael hired a surveyor to short plat the property, creating 4 lots. The short plat, known as SP 55-80, was approved by the county in 1980. Subsequently, Edward and Bernice gave Michael and his wife, Mary, title to Lot 2 as a gift and sold them Lot 4.[2]

In 2010, Edward and Bernice filed a quiet title action against Michael and Mary.[3] At trial, the parties disputed whether Edward and Bernice had an implied easement by prior use over Lot 2 for a driveway that connected the home of Edward and Bernice, located on Lot 3, to a public road. Michael argued at trial that Edward and Bernice did not need an implied easement over Lot 2 because SP 55-80 showed that they had an express easement over Lot 4 that connected Lot 3 to the public road.[4] In a 2012 order, the trial court ruled that an express easement existed over Lot 4, but did not conclude that this precluded an easement over Lot 2. Instead, the court ordered that, as the owners of Lot 3, Edward and Bernice had a nonexclusive easement and right to use the driveway

---

[2] Lot 1 was sold to third parties who are not parties to this action.
[3] Mary was a party to the litigation until she passed away in 2015.
[4] However, this easement could not be used to access the home on Lot 3 by road, as the topography of Lot 3 made it impossible to construct a roadway that vehicles could use to access the home from the portion of Lot 3 accessible through the easement over Lot 4.

passing through Lot 2 that connected the home on Lot 3 to a public road. Michael unsuccessfully sought reversal of this order on appellate review.

Later, in 2018, Michael blocked Edward and Bernice from accessing Lot 3 by way of the express easement over Lot 4 granted by SP 55-80. When confronted about this action, Michael asserted, contrary to his position in the 2010 litigation, that Edward and Bernice did not have an easement over Lot 4. In response, Edward and Bernice filed a motion under the original 2010 litigation's cause number seeking an order requiring Michael to permit them to access their property through the easement over Lot 4. The trial court ruled that Edward and Bernice had a right to access Lot 3 through the easement over Lot 4 and ordered Michael to clear the blockages to the easement so that Edward and Bernice can access that section of their property by way of that easement.[5]

Michael appeals.

II

Michael raises two contentions on appeal, asserting that the trial court erred by requiring him to clear the easement over Lot 4 because (1) Edward and Bernice cannot, as a matter of law, have both an implied easement granting access to Lot 3 through Lot 2 and an express easement granting access to Lot 3 through Lot 4, and (2) that the express easement over Lot 4 was extinguished by the 2012 order concluding that Edward and Bernice had an implied easement over Lot 2. In response, Edward and Bernice assert that these contentions are

---

[5] The evidence persuaded the trial court that the topography of Lot 3 required that one section of Lot 3 be accessed by way of an easement over Lot 2 while the other section of Lot 3 could only be accessed by an easement over Lot 4.

barred by the doctrines of collateral estoppel and res judicata and that Michael's appeal is frivolous, meriting sanctions pursuant to RAP 18.9(a).[6] Edward and Bernice have the better argument.

"Collateral estoppel and res judicata are equitable doctrines that preclude relitigation of already determined causes." Weaver v. City of Everett, 194 Wn.2d 464, 472-73, 450 P.3d 177 (2019) (citing Bordeaux v. Ingersoll Rand Co., 71 Wn.2d 392, 395-96, 429 P.2d 207 (1967)). The applicability of these doctrines is a question of law that we review de novo. Weaver, 194 Wn.2d at 473 (citing Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004)).

"The two doctrines are distinguishable in scope. Collateral estoppel, or issue preclusion, bars relitigation of particular *issues* decided in a prior proceeding. Res judicata, or claim preclusion, bars litigation of *claims* that were brought or might have been brought in a prior proceeding." Weaver, 194 Wn.2d at 473 (citations omitted) (citing Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995)).

A

Michael first contends that Edward and Bernice cannot have both an implied easement granting access to Lot 3 through Lot 2 and an express

---

[6] Edward and Bernice also assert that the appeal is untimely because Michael's arguments on appeal discuss issues that could have been resolved or were resolved in the 2010 litigation and the 2012 order. Edward and Bernice assert that Michael's appeal could therefore only have been timely if filed back in 2012. This is incorrect. Michael appealed from an order issued in 2018. That his arguments may be barred by the doctrines of collateral estoppel and res judicata has no bearing on the timeliness of his appeal. Edward and Bernice do not dispute that Michael filed his notice of appeal from the 2018 order within 30 days of the trial court's entry of the order. Thus, the appeal is timely. See RAP 5.2(a).

easement granting access to Lot 3 through Lot 4. In response, Edward and Bernice assert that we should decline to consider this contention because this issue was already litigated and decided in the 2010 litigation and 2012 order and that collateral estoppel therefore bars relitigation of the issue here. We agree.

The party asserting collateral estoppel must establish the following four elements:

> "(1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied."

Weaver, 194 Wn.2d at 474 (quoting Christensen, 152 Wn.2d at 307). "For collateral estoppel to apply, the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate its case in a prior proceeding." Weaver, 194 Wn.2d at 473-74 (citing Hanson v. City of Snohomish, 121 Wn.2d 552, 561, 852 P.2d 295 (1993)).

Edward and Bernice have established all four of the prerequisites for the application of collateral estoppel to Michael's claim that they cannot have both an implied easement over Lot 2 and an express easement over Lot 4. In the 2012 order, the trial court found that Edward and Bernice had an express easement over Lot 4 and concluded that they also had an implied easement over Lot 2. Michael was a party to that litigation and, in fact, argued that Edward and Bernice could not have both an easement over Lot 2 and over Lot 4. There is no injustice in barring Michael from relitigating this previously decided issue, as he had a full

5

opportunity to litigate this issue in 2010 and took advantage of that opportunity. Therefore, collateral estoppel bars consideration of Michael's claim that Edward and Bernice cannot have both an implied easement granting access to Lot 3 through Lot 2 and an express easement granting access to Lot 3 through Lot 4.

B

Michael next contends that the express easement over Lot 4 was necessarily extinguished by the 2012 order concluding that Edward and Bernice had an implied easement over Lot 2. In response, Edward and Bernice assert that we should not consider this argument because Michael failed to present any authority to support his assertion and because it is barred under the doctrine of res judicata. We agree.

A party must provide citation to legal authority in support of its arguments. "An issue raised in a party's opening brief but unsupported by legal authority is waived." Univ. of Wash. v. Gov't Emps. Ins. Co., 200 Wn. App. 455, 465 n.3, 404 P.3d 559 (2017) (citing RAP 10.3(a), (b)).

"Res judicata precludes relitigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits." Weaver, 194 Wn.2d at 480. The party seeking to apply res judicata must establish the following four elements as between the challenged action and a prior action in which there was a final judgment on the merits: "'concurrence of identity . . . (1) of subject-matter; (2) of cause of action;[7] (3) of persons and

---

[7] We consider the following criteria when determining whether there is a concurrence of identity in cause of action:

> (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether

parties; and (4) in the quality of the persons for or against whom the claim is made.'" Weaver, 194 Wn.2d at 480 (alteration in original) (quoting N. Pac. Ry. Co. v. Snohomish County, 101 Wash. 686, 688, 172 P. 878 (1918)); see also Pederson v. Potter, 103 Wn. App. 62, 67, 11 P.3d 833 (2000).

Michael does not provide any citation to legal authority to support his contention that the express easement over Lot 4 was extinguished by the 2012 trial court order. Furthermore, all the elements of res judicata are firmly established. This appeal arises from litigation occurring under the same cause number as the 2010 litigation, which resulted in a final judgment on the merits, and the cause of action and the subject matter are identical: a quiet title action disputing whether Edward and Bernice have, as owners of Lot 3, easements to access their property through Lots 2 and 4. Michael relies on the same evidence as in the 2010 litigation, the same rights are at issue, and a ruling on Michael's latest contention would impact the rights of the parties as set forth in the 2012 order. All parties to the current appeal were parties in the 2010 litigation and, thus, the quality of the parties is the same as in the 2010 litigation. See Rains v. State, 100 Wn.2d 660, 664, 674 P.2d 165 (1983). Michael could have raised his contention that establishing the easement over Lot 2 necessarily extinguished the easement over Lot 4 in the 2010 litigation. Thus, under the doctrine of res judicata, Michael is barred from raising this contention herein.

---

substantially the same evidence is presented in the two actions; (3) whether the suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Ensley v. Pitcher, 152 Wn. App. 891, 903, 222 P.3d 99 (2009) (citing Pederson v. Potter, 103 Wn. App. 62, 72, 11 P.3d 833 (2000); Landry v. Luscher, 95 Wn. App. 779, 784, 976 P.2d 1274 (1999)).

Michael does not dispute that the elements of res judicata are satisfied, instead arguing that we must consider his contention—that the express easement was extinguished by the implied easement—because the trial court's 2012 order was silent as to whether or not the express easement was extinguished. This is wrong for two reasons. First, the trial court's order was clear that Edward and Bernice have both an express easement over Lot 4 and an easement implied through prior use over Lot 2. The order need not have literally stated the phrase "the implied easement does not negate the express easement" to have concluded that both easements may exist simultaneously—that was necessarily implied by the very fact that the court concluded that Edward and Bernice had easement rights over both Lots 2 and 4. Second, the doctrine of res judicata bars the litigation of claims that could have been litigated in the prior action, regardless of whether they were actually litigated. Michael could have raised his contention in the 2010 litigation. That he did not do so and that his chosen arguments proved ineffective in 2010 did not authorize him to try again in 2018.

Both because Michael failed to provide citation to any authority supporting his contention and because it is barred under the doctrine of res judicata, we need not further discuss this claim.

C

Having concluded that we will not further analyze Michael's contentions on appeal, we now consider Edward and Bernice's request that sanctions be

awarded against Michael under RAP 18.9(a) for filing a frivolous appeal. We agree that Michael's appeal is frivolous and that sanctions are warranted.

RAP 18.9(a) authorizes us to order sanctions against a party who files a frivolous appeal.[8] "Sanctions may include, as compensatory damages, an award of attorney's fees to the opposing party." Camer v. Seattle Sch. Dist. No. 1, 52 Wn. App. 531, 540, 762 P.2d 356 (1988). An appeal is frivolous if it "presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).

This appeal is frivolous because it presents essentially the same claims and issues as were decided in the 2010 litigation. See Camer, 52 Wn. App. at 540 (finding appeal frivolous when appellant presented only claims and issues essentially the same as those defeated in prior cases). To the extent that Michael seeks to raise a new claim, it is barred and, thus, had no possibility of success on the merits. All of Michael's claims are barred under the doctrines of collateral estoppel or res judicata. Nevertheless, undeterred by his previous losses, he appealed. There being no debatable issues, Michael's position is so devoid of merit that there was no possibility of reversal. Sanctions are

---

[8] RAP 18.9(a) states in full:

**Sanctions.** The appellate court on its own initiative or on motion of a party may order a party or counsel, or a court reporter or authorized transcriptionist preparing a verbatim report of proceedings, who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court. The appellate court may condition a party's right to participate further in the review on compliance with terms of an order or ruling including payment of an award which is ordered paid by the party. If an award is not paid within the time specified by the court, the appellate court will transmit the award to the superior court of the county where the case arose and direct the entry of a judgment in accordance with the award.

warranted.[9]  Upon proper application, a commissioner of this court will enter an order awarding Edward and Bernice their reasonable attorney fees and costs on appeal.

Affirmed.

Dwyer, J.

WE CONCUR:

Brennan, J.          Andrus, A.C.J.

---

[9] Edward and Bernice also request that we enter an order barring Michael from filing any further actions or appeals related to these easements.  Such a request is more appropriately directed to the trial court, the denial or grant of which we could later review.  In the absence of such a request to the trial court, we decline to consider whether such an order is warranted.