IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DAVID M. SIMMONDS and DEBRA K. SIMMONDS, husband and wife,<br><br>               Appellant,<br><br>        v.<br><br>ARCCA, INCORPORATED, a foreign corporation, registered and doing business in the state of Washington as ARCCA, LLC, a foreign limited liability company,<br><br>               Respondent. | No. 88300-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BUI, J. — In a previous case, David and Debra Simmonds (collectively Simmonds) sued their insurer PURE for the denial of insurance coverage for rot damage from a leak in their bathroom's shower. In denying coverage, PURE relied upon a report from ARCCA, the consulting company PURE hired to investigate the leak. Following a bench trial, the trial court found in favor of the insurer. The Simmonds appealed their trial judgment, and we affirmed. This appeal arose out of a second lawsuit, where Simmonds filed claims of gross negligence, tortious interference, and violations of Consumer Protection Act (CPA) against ARCCA. The trial court entered summary judgment in favor of ARCCA, and the Simmonds appealed. Simmonds argues the trial court erred in applying issue and claim preclusion and concluding insufficient contractual privity. We disagree and affirm.

FACTS

The following procedural summary of the first lawsuit is relevant to the issues from the second lawsuit that are on appeal.

Sometime in August 2020, Simmonds contacted their home insurance company Privilege Underwriters Reciprocal Exchange (PURE) to report rot damage in the subfloor beneath their bathroom shower. PURE hired an expert technician from America Leak Detection (ALD) who inspected the leak and wrote a report, which PURE relied upon to deny coverage. Simmonds questioned the findings in the report, so PURE hired a structural engineer, Kurt Ahlich, and a materials scientist, James Mason, both from ARCCA, who worked with ALD to conduct a "failure analysis," to determine the cause of the leak. In their report, the experts from ARRCA concluded the wood rot was a result of the failure of the shower pan or shower curb's waterproofing system that allowed water intrusion, which would be considered a construction defect, not covered by the home insurance policy.

Simmonds disagreed with PURE's denial and sued PURE for breach of contract and violations of the Insurance Fair Conduct Act (IFCA), RCW 48.30.010-.015, and CPA, ch. 19.86 RCW. The only claim that survived a summary judgment motion was the breach of contract claim. Following a bench trial, the trial court found in favor of PURE, Simmonds appealed, and the judgment was affirmed. Simmonds' petition to the Washington Supreme Court was denied.

After the exhaustion of appeals on the first lawsuit, in mid-March 2024, Simmonds hired "an experienced craftsman to ascertain the extent of demolition required to repair the shower membrane and dry rot damage." After a partial demolition, the craftsman stopped because, according to Simmonds, the partial demolition revealed enough of the shower membrane and its "original construction" to cast doubt on the validity of ARCCA's conclusion that the water intrusion and rot damage was due to a failure of the shower membrane system. With this discovery, Simmonds filed this instant claim against ARCCA on April 8, 2024, alleging negligence, tortious interference, and violation of the Consumer Protection Act.

ARCCA filed a motion for summary judgment. The trial court entered an order granting summary judgment, dismissing all claims.

The Simmonds timely appealed.

ANALYSIS

First, we address Simmonds' contention that the trial court erred in denying their motion, pursuant to CR 56(f), to continue the summary judgment hearing.

We review a trial court's decision on a request to continue the summary judgment for abuse of discretion. Bldg. Indus. Ass'n of Washington v. McCarthy, 152 Wn. App. 720, 743, 218 P.3d 196 (2009). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

A court may continue a summary judgment hearing "if the nonmoving party shows a need for additional time to obtain additional affidavits, take depositions, or conduct discovery." Bldg. Indus. Ass'n of Washington, 152 Wn. App. 742; CR 56(f). A court may deny a motion for a continuance when "(1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact." Butler v. Joy, 116 Wn. App. 291, 299, 65 P.3d 671 (2003).

Despite Simmonds' contention that their continuance motion was because of ARCCA's discovery delays or their "evasive and misleading" responses to their discovery requests, the trial court had tenable reasons to deny the continuance. That is because Simmonds, other than stating in general about their disagreements with ARCCA's report about the shower leak, was not able to present evidence, beyond the additional information they obtained by partial destruction of the shower, to form the basis for further discovery. The trial court's decision on a motion for a continuance will not be disturbed on appeal absent a manifest abuse of discretion. Vant Leven v. Kretzler, 56 Wn. App. 349, 353, 783 P.2d 611 (1989).

We now turn to Simmonds' contention that the trial court erred in granting summary judgment when it applied claims and issue preclusion to preclude Simmonds' gross negligence, tortious interference and violations of CPA claims against ARCCA.

4

On appeal of an order granting summary judgment, we review de novo whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); see Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

Issue and claim preclusion are equitable doctrines that preclude relitigating already determined causes. Bordeaux v. Ingersoll Rand Co., 71 Wn.2d 392, 395-96, 429 P.2d 207 (1967). Both doctrines share a common goal of judicial finality and are intended to curtail multiplicity of actions, prevent harassment in the courts, and promote judicial economy. State v. Dupard, 93 Wn.2d 268, 272, 609 P.2d 961 (1980). Whether issue or claim preclusion apply are questions of law that we review de novo. Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004); Lynn v. Dep't of Labor and Indus., 130 Wn. App. 829, 837, 125 P.3d 202 (2005).

Issue and claim preclusion's threshold requirement is a final judgment on the merits in the prior suit. Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004); Hanson v. City of Snohomish, 121 Wn.2d 552, 561, 852 P.2d 295 (1993). The threshold requirement has been met because Simmonds' IFCA and CPA claims were dismissed on summary judgment. Summary judgment can be a final judgment on the merits with the same preclusive effect as a full trial. Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). Simmonds' breach of contract claim resulted in a bench trial

judgment in favor of PURE, the appeal of the judgment was affirmed, and the petition for review to the Supreme Court was denied. Simmonds v. Privilege Underwriters Reciprocal Exch., 27 Wn. App. 2d, 2023 WL 5016374; Simmonds v. Privilege Underwriters Reciprocal Exch., 2 Wn.3d 1015, 540 P.3d 782 (2024).

Accordingly, the prior suit was resolved as a final judgment on the merits, and the threshold requirement is met.

Once that threshold is met, a party asserting issue preclusion must establish four elements:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom [issue preclusion] is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of [issue preclusion] does not work an injustice on the party against whom it is applied.

Christensen, 152 Wn.2d at 307.

Claim preclusion requires sameness of subject matter, cause of action, people and parties, and " 'the quality of the persons for or against whom the claim is made.' " Hisle, 151 Wn.2d at 864 (quoting Rains v. State, 100 Wn.2d 660, 663, 674 P.2d 165 (1983)). The party asserting the defense of claim and issue preclusion bears the burden of proof. State v. Williams, 132 Wn.2d 248, 254, 937 P.2d 1052 (1997); Hisle, 151 Wn.2d at 865.

In this appeal, Simmonds briefed extensively about their factual disagreements with the prior investigation and findings regarding the leak and rot damage, using the additional information from the partial demolition of the shower to support their contentions. In the prior litigation, the evidence PURE

6

presented was uncontested, Simmonds did not depose PURE's experts or retain his own expert to challenge the report that PURE relied upon in their denial of insurance coverage. Simmonds' contention on appeal is that they could not have obtained the additional information until the conclusion of the prior PURE litigation. Yet they failed to explain reasons for not getting the information during the prior litigation. Simmonds did not explain reasons to support their contention that the additional information supports ARCCA's negligence. "It is not the function of trial or appellate courts to do counsel's thinking and briefing." Orwick v. City of Seattle, 103 Wn.2d 249, 256, 692 P.2d 793 (1984); RAP 10.3; "We will not consider an inadequately briefed argument." Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); RAP 10.3(a)(6).

Accordingly, the trial court properly concluded that Simmonds' claims are barred by res judicata.

Simmonds' claims are also barred under the doctrine of issue preclusion because there was insufficient contractual privity between Simmonds and ARCCA. The trial court found ARCCA had no contractual relationship with Simmonds, noting it was "uncontested ARCCA's role was limited to providing expert analysis as a contractor for [PURE]." Simmonds, citing to Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc., 170 Wn.2d 442, 460-61, 243 P.3d 521 (2010), contends that ARCCA's owed duty arises independently of the terms of the contract. However, Simmonds did not explain how this court should analyze the claims under the independent duty doctrine. We decline to address this argument. It is not the function of trial or appellate courts to do counsel's thinking

and briefing. Orwick, 103 Wn.2d at 256; RAP 10.3. We will not consider an inadequately briefed argument. Norcon Builders, LLC, 161 Wn. App. at 486; RAP 10.3(a)(6).

Both parties request attorney fees and expenses, pursuant to RAP 18.1. Simmonds' request for attorney fees and expenses on appeal is denied as they are not the prevailing party. ARCCA requests attorney's fees, pursuant to RAP 18.9, arguing the Simmonds' appeal is frivolous because "there is no possibility of overturning the [April 25, 2025] order when [Simmonds'] claims are barred by the doctrines of collateral estoppel and res judicata." We disagree.

In determining whether an appeal is brought for delay under this rule, our primary inquiry is whether the appeal as a whole is frivolous or whether it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal. Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980).

In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, we are guided by the following considerations: (1) a civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal. Streater, 26 Wn. App. at 434-35.

ARCCA cites <u>Camer v. Seattle School District No. 1</u>, 52 Wn. App. 531, 762 P.2d 356 (1988), to support its request for attorney fees. We found the facts advanced by <u>Camer</u> did not state a cause of action that could be supported by any rational argument on the law or facts. <u>Camer</u>, 52 Wn. App. at 539. We concluded that Camer's appeal was frivolous because the subsequent case raised the exact same claims and issues, presented no debatable questions, and "the Camers have persisted in appealing" on "the same claims and issues on which the Camers were defeated in two prior cases." 52 Wn. App. at 539.

Here, while we may not have resolved the case in favor of Simmonds, their claims were not "devoid of merit" and reasonable minds may differ as to the applicability of the factual additional information obtained by Simmonds. All doubts whether an appeal is frivolous should be resolved in favor of the appellant. <u>Streater</u>, 26 Wn. App. at 435. We therefore deny ARCCA's request for attorney fees.

We affirm.

Bui, J.

WE CONCUR:

Díaz, J.                                    Mann, J.

9