# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICHARD AZPITARTE, | ) | No. 72961-6-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KING COUNTY, DENOBI OLEGBA, | ) | |
| ELIZABETH DERAITUS, STEPHANIE | ) | |
| WARDEN, LAMAR REED, SCOTT | ) | |
| LAVIELLE, and SYDNEY JACKSON, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 6, 2016 |

SPEARMAN, J. – Richard Azpitarte filed two federal lawsuits against King County and other defendants, alleging various acts of retaliation, including harassment by helicopter. In each case, the federal district court entered a final judgment dismissing the action on the merits. Azpitarte then filed a third lawsuit against the same defendants in King County Superior Court. Concluding that collateral estoppel and res judicata barred Azpitarte's attempt to relitigate the identical claims, the trial court dismissed the action. Finding no error, we affirm.

## FACTS

For purposes of this appeal, the relevant facts are undisputed.[1] Azpitarte alleges that ever since he won a discrimination lawsuit against King County in 1989,

---

[1] Virtually all of Azpitarte's factual assertions and legal arguments are unsupported by any meaningful reference to the record or citation to relevant authority, in violation of RAP 10.3(a)(5) and (6).

the County has engaged in a continuing campaign of retaliation against him. He claims the County's acts of retaliation included the enforcement of code violations involving the accumulation of junk, debris, and vehicles on his property, the negligent removal of vehicles from his property, and the County's regular use of a helicopter to "buzz his house ... in the middle of the night ... [and] hover over his house, shining spotlights in windows."[2]

On October 31, 2007, Azpitarte filed a lawsuit (Azpitarte I) against the County and other defendants (collectively the County) in King County Superior Court, alleging claims based on retaliation. In December 2007, the defendants removed the action to federal court. On March 3, 2009, the federal district court dismissed Azpitarte I with prejudice for failure to prosecute and failure to comply with the court's orders and rules. The district court noted Azpitarte's "pattern of unprofessionalism and unreasonable delay throughout [the] entire litigation, from discovery, to motion briefing, to mediation, to the preparation of pretrial statement."[3]

Azpitarte filed a second lawsuit in federal court in July 2010 (Azpitarte II), raising similar federal claims and state claims based on the alleged acts of retaliation. The district court dismissed the action on June 23, 2011. The court found that Azpitarte's claims of harassment through March 3, 2009, were based on the same facts underlying his claims in Azpitarte I. Because Azpitarte I dismissed those claims with prejudice, the court concluded that res judicata barred the same claims through March 3, 2009, in Azpitarte II. The court further determined that although res judicata

---

[2] Br. of App. at 4.

[3] Clerk's Papers (CP) at 127.

did not bar Azpitarte's claims for helicopter harassment occurring after the dismissal in Azpitarte I, his allegations did not state a claim under 42 U.S.C. § 1983. The court dismissed Azpitarte's claims "arising after March 3, 2009" without prejudice. The court denied Azpitarte's motion for reconsideration on August 2, 2011, and Azpitarte appealed to the Ninth Circuit.

On November 30, 2011, while his appeal in Azpitarte II was pending, Azpitarte filed the current action (Azpitarte III) in Snohomish County Superior Court. Azpitarte alleged essentially the identical facts and state law claims that he raised in Azpitarte II. The trial court later granted the County's motion to change venue to King County.

On January 3, 2013, the Ninth Circuit affirmed the district court's dismissal of Azpitarte's state and federal claims arising before March 3, 2009, agreeing that they were barred by res judicata. The court remanded Azpitarte's § 1983 claim based on ongoing helicopter harassment after March 3, 2009, concluding that he had sufficiently pleaded a Fourteenth Amendment violation. Azpitarte v. King County, 2013 WL 29485 (9th Cir. 2013) (citing Ninez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998)).

On remand, the only claims remaining before the district court in Azpitarte II involved Azpitarte's allegations of helicopter harassment occurring after March 3, 2009. The County moved for summary judgment, contending that Azpitarte had failed to present any evidence of helicopter harassment occurring after March 3, 2009. After granting Azpitarte's request for additional time to present materials, the district court concluded that Azpitarte's supplemental materials provided no evidence of helicopter harassment occurring after March 3, 2009. On October 8, 2014, the

court granted summary judgment and dismissed Azpitarte's remaining state and federal claims with prejudice.

Azpitarte moved for reconsideration, asserting that the district court lacked jurisdiction to dismiss his state law claims. The district court concluded that it had jurisdiction and denied reconsideration on November 5, 2014.

Azpitarte did not appeal the district court orders.

In Azpitarte III, the County moved for summary judgment, arguing that res judicata barred Azpitarte from relitigating the same claims rejected in Azpitarte II. The trial court granted the County's motion on December 5, 2014.

Azpitarte appeals.

## DISCUSSION

Azpitarte contends the trial court erred in dismissing his state claims based on the preclusive effect of Azpitarte II. He argues that neither collateral estoppel nor res judicata bars his claims in Azpitarte III because the federal district court in Azpitarte II lacked subject matter jurisdiction to rule on the merits of his state claims. Azpitarte also contends the trial court abused its discretion by not allowing discovery.

An appellate court reviews the trial court's decision on summary judgment de novo. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). We engage "in the same inquiry as the trial court, with questions of law reviewed de novo and the facts and all reasonable inferences from the facts viewed in the light most favorable to the nonmoving party." Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004). Whether collateral estoppel or res judicata bar relitigation of an issue or claim is reviewed de novo. Id. Summary judgment is

-4-

No. 72961-6-I/5

proper only if there is no genuine issue of material fact. CR 56(c); Keck, 184 Wn.2d at 370.

Collateral estoppel, or issue preclusion, prohibits parties from relitigating issues in a subsequent proceeding, even if they assert different claims or causes of action. Christensen, 152 Wn.2d at 306. The party seeking to apply collateral estoppel must establish:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

Id. at 307.

"Res judicata, or claim preclusion, prohibits the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action." Pederson v. Potter, 103 Wn. App. 62, 67, 11 P.3d 833 (2000). Res judicata applies if the prior judgment has "a concurrence of identity" with the subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. Rains v. State, 100 Wn.2d 660, 663, 674 P.2d 165 (1983). Res judicata "'is intended to prevent relitigation of an entire cause of action and collateral estoppel is intended to prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation.'" Christensen, 152 Wn.2d at 306 (quoting Luisi Truck Lines, Inc. v. Wash. Utils. & Transp. Comm'n, 72 Wn.2d 887, 894, 435 P.2d 654 (1967)).

-5-

When determining the preclusive effect of a federal court decision, this court applies federal law. DèjáVu Everett-Federal Way, Inc. v. City of Federal Way, 96 Wn. App. 255, 262, 979 P.2d 464 (1999).

On appeal, Azpitarte does not dispute that Azpitarte II and Azpitarte III involved the identical parties, the identical state claims based on alleged helicopter harassment occurring after March 3, 2009, and the identical factual allegations. Moreover, the application of collateral estoppel would not work an injustice against Azpitarte. As the district court noted, Azpitarte had an "ample opportunity"[4] to present evidence of helicopter harassment occurring after March 3, 2009, but failed to do so. See DèjáVu, 96 Wn. App. at 261.

Azpitarte's primary contention is that the district court failed to enter a final judgment on the merits. Application of both collateral estoppel and res judicata requires a valid and final judgment on the merits. Thomson v. King County, 163 Wn. App. 184, 190, 259 P.3d 1138 (2011); Christiansen, 152 Wn.2d at 307.

Azpitarte asserts that the district court "declined jurisdiction of the state related issues using its powers under 28 U.S.C. 1367(c)"[5] when it dismissed his state claims without prejudice, and that the court therefore lacked supplemental jurisdiction after the Ninth Circuit remanded the case. In addition, Azpitarte alleges that he did not appeal the district court's dismissal of his state claims, that "[o]nly the federal issues were litigated on appeal . . . ,"[6] and that, in any event, the district court failed to notify

---

[4] CP at 76.

[5] Br. of App. at 10.

[6] Id. at 11.

him that it was exercising supplemental jurisdiction on remand. Azpitarte reasons that as a result, the district court "lacked subject matter jurisdiction,"[7] the resulting judgment was void, and the court therefore failed to enter a final judgment on the merits.

But Azpitarte has not provided any references to the record, citations to relevant authority, or legal argument to support these conclusory allegations. Moreover, Azpitarte challenged the district court's exercise of supplemental jurisdiction in his motion for reconsideration. In denying reconsideration, the district court expressly ruled that it "continued to have supplemental jurisdiction over [Azpitarte's] related state law claims."[8] Because Azpitarte did not appeal the district court's order, the court's judgment became final, and Azpitarte may not now collaterally challenge the court's exercise of subject matter jurisdiction:

> A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9, 102 S. Ct. 2099, 2104 n.9, 72 L.Ed.2d 492 (1982) (citations omitted). "If the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack." Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1293 (5th Cir. 1992) (citing Republic Supply Co. v. Shoaf, 815 F.2d 1046, 1053 (5th Cir. 1987)).

---

[7] Id. at 12.

[8] CP at 76.

In his reply brief, Azpitarte contends that he may collaterally attack the district court's subject matter jurisdiction in Azpitarte II because he was denied "a fair opportunity to appeal" when "the federal court rescinded the indigency order that allowed the appeal."[9] But Azpitarte cites no authority suggesting that such circumstances have any effect on the finality of the district court's order for purposes of collateral estoppel or res judicata. We therefore decline to consider his argument. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will decline to review an issue that is unsupported by cogent argument and briefing).

In summary, the district court's dismissal of Azpitarte's state claims in Azpitarte II was a final judgment on the merits. Accordingly, the trial court in Azpitarte III did not err in dismissing the identical claims based on the preclusive effect of Azpitarte II.

Azpitarte contends that he should have been allowed "further discovery"[10] in Azpitarte III. But he has not assigned error to any specific trial court ruling denying his request for further discovery. Azpitarte refers to a motion to compel, but neglects to mention that the trial court expressly determined that Azpitarte did not file or authorize the motion. Because Azpitarte has not challenged or even addressed the

---

[9] Reply Br. at 4.

[10] App. Br. at 12.

-8-

trial court's ruling, he has not demonstrated any error or abuse of discretion.

Affirmed.

_____
Spearman, J.

WE CONCUR:

_____

_____