**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILED**
**MAY 12, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RON FODE, | ) | No. 38130-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | PUBLISHED OPINION |
| DEPARTMENT OF ECOLOGY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| ENVIRONMENTAL AND LAND USE | ) | |
| HEARINGS OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

LAWRENCE-BERREY, A.C.J. — The Department of Ecology (Ecology) appeals the trial court's summary judgment order, which concluded that Ron Fode's appeals of two cease and desist orders were timely. We affirm this order: an appeal to the Pollution Control Hearings Board (PCHB) is timely under RCW 43.21B.230 if it is received either 5 business days plus 30 days after an agency mailed the adverse decision to the recipient or 30 days after the recipient actually received the adverse decision.

No. 38130-7-III
*Fode v. Dep't of Ecology*

Ecology also appeals the trial court's later order, which remanded the appeal of the cease and desist orders to the PCHB and stayed the bifurcated penalty appeals. We reverse that order: the trial court should have instead remanded the appeal of the penalties to the PCHB.

FACTS

Ron Fode is a longtime farmer in Grant County. He owns 130 acres and leases over 400 acres of farmland from Ronald Sparks (as representative of the Schmidt Estate) and from Randy and Michelle Kiesz. The farmland is in the Odessa Subarea, the aquifer of which has experienced drastic declines for decades. Due to low rainfall, agriculture in this region depends on irrigation. Farmers seeking to irrigate must have legally adequate water rights to withdraw from the aquifer. Ecology is responsible for protecting and managing state waters to support current and future agricultural needs.

In January 2017, Fode applied for a seasonal change that would permit him to irrigate his farmland. In February 2017, Kevin Brown, Ecology's Columbia Basin Watermaster[1] called Fode and told him that his request was denied. Mr. Brown told Fode not to irrigate the parcels he sought the change for. On March 22, 2017, Mr. Brown met

---

[1] A water master acts under the direction of Ecology to divide, regulate, and control the use of water within his or her district "to prevent the use of water in excess of the amount to which the owner of the right is lawfully entitled." RCW 90.03.070.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38130-7-III
*Fode v. Dep't of Ecology*

with Michelle Kiesz to discuss irrigation of the property she leased to Fode. Mr. Brown told Ms. Kiesz it was "too late" to file a seasonal transfer. Clerk's Papers (CP) at 189. One week later, Mr. Brown again told Fode that he had no right to irrigate the parcels, and he would have to cease irrigation.

In May 2017, Mr. Brown discovered Fode was irrigating his farmland. Ecology sent a letter to Fode's landlords asking which water rights permitted irrigation for the alfalfa and potatoes planted. Mr. Brown then called Mr. Sparks and Michelle Kiesz to alert them to their lack of water rights. Michelle Kiesz stated she would tell Fode to stop irrigating. On June 22, 2017, Mr. Brown again told Fode there were no water rights covering the parcels. Fode asked if there was any way he could keep irrigating the potatoes, to which Mr. Brown said Ecology was not interested in making a decision at that time.

*Cease and desist orders*

On June 26, 2017, Ecology issued administrative orders to Fode and his landlords directing them to cease and desist from irrigating without adequate water rights. Administrative Order (AO) 14204 directed Fode to cease and desist from any further withdrawal of groundwater to irrigate the 130 acres of land that he owns, and AO 14205 directed Fode's landlords to cease and desist the withdrawal of groundwater to irrigate the

3

No. 38130-7-III
*Fode v. Dep't of Ecology*

land they lease to Fode.  Both orders assert that Fode and his landlords were violating

chapter 90.44 RCW and chapter 173-130A WAC by irrigating lands without sufficient

legal authorization.

The orders explained the right to appeal to the PCHB within 30 days of the date of

receipt as defined by RCW 43.21B.001(2).[2]  The orders did not provide the statutory

definition for date of receipt.  Fode and Schmidt c/o Sparks received the orders via

certified mail on June 28, 2017.  The Kieszes received their order via certified mail on

June 29, 2017.

*Phase 1: Appeal of the cease and desist orders*

Fode appealed the cease and desist orders and requested a stay.  The PCHB

received the notices of appeal on August 1, 2017.

Ecology moved to dismiss Fode's appeals as untimely, arguing they were not filed

within 30 days of the date of actual receipt, which was known.  Attached to its motion

were copies of the certified mail receipts for the orders.

---

[2] "'Date of receipt' means: (a) Five business days after the date of mailing; or
(b) The date of actual receipt, when the actual receipt date can be proven by a
preponderance of the evidence. . . ."

No. 38130-7-III
*Fode v. Dep't of Ecology*

The PCHB granted Ecology's motion to dismiss.[3] The order stated that when the actual date of receipt is known, the filing period begins then. CP at 412 (citing *Cent. Wash. Asphalt, Inc. v. Dep't of Ecology*, No. 10-122, 2011 WL 1520423, at *4 (Wash. Pollution Control Hr'gs Bd. Apr. 15, 2011) and WAC 371-08-335(b)).

Fode petitioned for reconsideration. The PCHB denied the motion, concluding that Fode failed to meet any ground for reconsideration and presented largely the same argument that had been previously rejected. Fode timely petitioned the Grant County Superior Court for review. Review was delayed for several months until the PCHB issued its decision in the penalty phase of this dispute, which we turn to now.

*Phase 2: Appeal of the penalties*

Fode continued to irrigate throughout the remainder of the 2017 growing season. He believed he could "'work something out'" with Ecology. CP at 198.

On December 19, 2017, Ecology issued Fode notices of penalties for 103 days of illegal irrigation. It imposed a $2,000 penalty per day for irrigation of 390 acre-feet of water on the parcel he owned, totaling $206,000, a $1,000 penalty per day for irrigation of

---

[3] The PCHB treated the motion to dismiss as a motion for summary judgment because the parties referred to matters outside the record and PCHB reviewed those materials when making its decision.

5

No. 38130-7-III
*Fode v. Dep't of Ecology*

a 65-acre parcel owned by Schmidt/Sparks totaling $103,000, and a $3,000 penalty per day for irrigation of 335 acres owned by the Kieszes totaling $309,000. The combined penalties imposed on Fode totaled $618,000.[4]

Fode appealed the penalties to the PCHB. He did not dispute that he lacked adequate water rights but contended the penalties were invalid because Ecology failed to provide statutorily required written technical assistance before imposing them, and Ecology should have made more effort to help him find other irrigation water.

Both parties moved for summary judgment. Fode reiterated that the penalties were null and void because Ecology failed to provide technical assistance and alternatively sought partial summary judgment on the grounds that a "'continuing violation'" could not be established. CP at 582. Ecology argued Fode admitted to irrigating the parcels described in the penalties.

The PCHB denied both parties' motions, finding the matter involved disputed issues of fact or factually embedded legal questions. It went on to rule that Fode's technical assistance argument about the cease and desist orders was barred by res judicata

---

[4] Ecology initially issued the penalties jointly to Fode and his landlords but rescinded the penalties against the landlords shortly before the PCHB hearing. Fode is now solely liable for all three penalties.

No. 38130-7-III
*Fode v. Dep't of Ecology*

because it could have been raised as a basis to challenge the cease and desist orders had they been timely appealed.

The PCHB conducted a three-day hearing on penalties. After Ecology rested, Fode made an oral motion to dismiss based on the technical assistance issue. The PCHB reserved ruling until after the hearing concluded.

On June 27, 2019, the PCHB issued findings of fact, conclusions of law, and an order affirming some penalties. It explained it had ruled in the summary judgment phase "that evidence as to technical assistance from Ecology prior to issuance of the Cease and Desist Order was barred by *res judicata* on the grounds that it could have been raised in the earlier appeal of the Cease and Desist Order," which had been dismissed as untimely. CP at 177-78. It then found that Ecology provided sufficient technical assistance after the cease and desist orders were issued and denied Fode's oral motion to dismiss on those grounds. In finding that technical assistance had been provided, it reasoned that Fode was an experienced water user and was aware his continued irrigation violated the law. The PCHB affirmed the penalties as lawfully issued but reduced them from $618,000 to $260,000.

No. 38130-7-III
*Fode v. Dep't of Ecology*

*Trial court proceedings*

In 2019, after PCHB issued its decision on the penalties, Fode and Ecology filed

cross petitions for review of that decision under RCW 34.05.570(3). The penalty appeals

were then consolidated with the earlier appeal of the cease and desist orders.

Fode moved for summary judgment on the issue of whether his appeals of the

cease and desist orders were timely. He argued his appeals were timely because

he filed his notices of appeal within one of two allowable deadlines. He argued

RCW 43.21B.001(2) provides two "date of receipt" definitions. Under one definition,

the 30-day appeal deadline begins 5 business days after the agency mails its decision.

RCW 43.21B.001(2)(a). Under the other, the 30-day appeal deadline begins on the date

of actual receipt of the agency decision. RCW 43.21B.001(2)(b).

Ecology countered that there was only one "date of receipt," and it depended on

whether the date of actual receipt could be proved. If the date of actual receipt could not

be proved, the 30-day appeal deadline begins 5 business days from when the agency

mailed the decision. But if the date of actual receipt could be proved, this controlled, and

the 30-day appeal period begins on that date.

8

No. 38130-7-III
*Fode v. Dep't of Ecology*

The trial court agreed with Fode. It concluded that the PCHB erred in calculating the "date of receipt" under RCW 43.21B.001(2)(a), and Fode's cease and desist appeals to the PCHB were timely.

Later, the trial court entered an order bifurcating the appeals of the cease and desist orders from the penalty appeals, stayed the penalty appeals, and remanded the appeals of the *cease and desist orders* to the PCHB. Ecology timely appealed the trial court's summary judgment order and its remand order.

## ANALYSIS

### A.    TIMELINESS OF APPEALS

Ecology contends Fode's appeals of the cease and desist orders to the PCHB were untimely as a matter of law. Fode and amicus curiae argue the statute provides two alternative definitions for "date of receipt," and the trial court correctly ruled on summary judgment that Fode's appeals were timely. We agree.

*Standard of review*

The sole issue decided by the trial court on summary judgment was one of statutory interpretation. "The meaning of a statute is a question of law reviewed de novo." *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

9

No. 38130-7-III
*Fode v. Dep't of Ecology*


*Principles of statutory construction*

When engaging in statutory interpretation, our goal is to ascertain and carry out the legislature's intent. *Associated Press v. Wash. State Legislature*, 194 Wn.2d 915, 920, 454 P.3d 93 (2019). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Campbell & Gwinn*, 146 Wn.2d at 9-10. Plain meaning is derived from the context of the provision within the statute, as well as related statutes that disclose legislative intent about the provision in question. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). We also "'employ traditional rules of grammar in discerning the plain language of the statute.'" *Jongeward v. Burlington N. Santa Fe Ry. Co.*, 174 Wn.2d 586, 602, 278 P.3d 157 (2012) (quoting *State v. Bunker*, 169 Wn.2d 571, 578, 238 P.3d 487 (2010)).

If we determine a statute is unambiguous after considering its plain meaning, our inquiry ends. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Only when a statute is ambiguous—that is, subject to more than one reasonable interpretation—is it appropriate to resort to statutory construction, case law, and legislative history to discern legislative intent. *Jametsky*, 179 Wn.2d at 762; *Associated Press*, 194 Wn.2d at 920. "The mere fact that two interpretations are

10

No. 38130-7-III
*Fode v. Dep't of Ecology*

conceivable does not make a statute ambiguous." *Tesoro Ref. & Mktg. Co. v. Dep't of Revenue*, 164 Wn.2d 310, 318, 190 P.3d 28 (2008).

*Application of principles*

A person with standing may appeal an agency action by filing a notice of appeal with the PCHB "within thirty days from the date of receipt of the decision being appealed." RCW 43.21B.230(1). RCW 43.21B.001(2) defines "date of receipt" as:

> (a) Five business days after the date of mailing; or
> (b) The date of actual receipt, when the actual receipt date can be proven by a preponderance of the evidence. The recipient's sworn affidavit or declaration indicating the date of receipt, which is unchallenged by the agency, shall constitute sufficient evidence of actual receipt. The date of actual receipt, however, may not exceed forty-five days from the date of mailing.

The above provisions do not have only one plain meaning. Both parties' interpretations are reasonable. Fode interprets the statute as providing two options for "date of receipt," each separated by the word "or." Generally, we presume "or" is used in the disjunctive sense unless there is a clear indication to the contrary. *Childers v. Childers*, 89 Wn.2d 592, 595, 575 P.2d 201 (1978). Under this presumption, Fode's appeal was timely because it was timely under RCW 43.21B.001(2)(a).

But Ecology's interpretation also is reasonable. "Date of receipt" is given its literal meaning "when the actual receipt date can be proven." RCW 43.21B.001(2)(b).

11

No. 38130-7-III
*Fode v. Dep't of Ecology*

Under this interpretation, because the dates when Fode actually received the cease and desist notices are known, Fode's appeals were not timely because he did not comply with RCW 43.21B.001(2)(b).

Courts "'must not add words where the legislature has chosen not to include them,' and we must 'construe statutes such that all of the language is given effect.'" *Lake*, 169 Wn.2d at 526 (quoting *Rest. Dev., Inc. v. Cananwill, Inc.*, 150 Wn.2d 674, 682, 80 P.3d 598 (2003)). Had the legislature intended Ecology's interpretation, it could have stated that the date of actual receipt controls. Had the legislature intended Fode's interpretation, it could have stated "whichever is later." Both interpretations necessitate additional words. We conclude that the above provisions are ambiguous.

> ### *Legislative history*

If a statute is ambiguous, we may consider the legislative history and circumstances surrounding its enactment to ascertain legislative intent. *Lake*, 169 Wn.2d at 527. Our legislative history inquiry includes looking to amendments and bill reports. *See Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 572, 475 P.3d 497 (2020).

In 2004, the legislature added the definitions of "date of receipt" underlying this dispute. *See* LAWS OF 2004, ch. 204, § 1. The Senate Bill Report indicates that multiple timelines had previously applied to environmental appeals. FINAL B. REP. ON

12

No. 38130-7-III
*Fode v. Dep't of Ecology*

SUBSTITUTE S.B. 5590, 58th Leg., Reg. Sess. (Wash. 2004). The report noted: "The statutes are not consistent regarding the period in which an appeal can be filed. In some, the period starts when the notice is mailed. In others, the period starts when notice is received." *Id.* The bill's prime sponsor testified: "The bill clarifies when the clock starts ticking . . . . Some of the statutes mention the date of mailing and others say the date of receipt. This bill makes the statu[t]es consistent." H.B. REP. ON SUBSTITUTE S.B. 5590, 58th Leg., Reg. Sess. (Wash. 2004).

The 2004 history does not clarify whether the legislature intended, as Fode argues, there to be two "dates of receipt," with the later controlling; or, as Ecology argues, there to be one date of receipt, depending on if the date of actual receipt is known. The prime sponsor's comment might mean the statutes are consistent because both deadlines are acceptable or it might mean the statutes are consistent because there is only one deadline.

> *Agency interpretation*

We acknowledge that the PCHB has interpreted the statute to favor the actual date of receipt when known. *See Cent. Wash. Asphalt, Inc. v. Dep't of Ecology*, No. 10-122, 2011 WL 1520423, at *4 (Wash. Pollution Control Hr'gs Bd. Apr. 15, 2011). But agency interpretations of statutes are accorded deference only if "(1) the particular agency is charged with the administration and enforcement of the statute, (2) the statute is

13

No. 38130-7-III
*Fode v. Dep't of Ecology*

ambiguous, and (3) the statute falls within the agency's special expertise." *Bostain v.*

*Food Express, Inc.*, 159 Wn.2d 700, 716, 153 P.3d 846 (2007); *see also Pub. Util. Dist.*

*No. 1 of Clark County v. Pollution Control Hr'gs Bd.*, 137 Wn. App. 150, 157, 151 P.3d

1067 (2007).  Interpreting a statute of limitations does not fall within Ecology's "special

expertise."  Thus, we need not defer to Ecology on the meaning of "date of receipt."

> *Policy considerations*

Because our prior interpretive aids have not elucidated the meaning of the statute,

we consider the public policy implications of each interpretation.  *See In re Estate of*

*Mower*, 193 Wn. App. 706, 714, 374 P.3d 180 (2016) (policy considerations may play a

valuable role in interpreting ambiguous statutes).

Chapter 43.21B RCW was enacted in 1987.  The legislature listed many purposes

for the act.  The purpose that bears on our decision is for "appellate authorities to decide

cases on their merits rather than on procedural technicalities."  LAWS OF 1987, ch. 109,

§ 1, (1)(c).  This purpose favors Fode's position.

The legislature expressed a preference for deciding cases on the merits rather than

on procedural technicalities.  Washington courts have also shown a preference for

resolving cases on the merits as a reflection of sound public policy.  *Crosby v. Spokane*

*County*, 137 Wn.2d 296, 303, 971 P.2d 32 (1999).  This goal is best met by adopting the

14

No. 38130-7-III
*Fode v. Dep't of Ecology*

statutory interpretation that best allows for review of an appeal on its merits. Fode's

interpretation will result in more appeals being determined on their merits.

We conclude that Fode's appeal was timely under RCW 43.21B.001(2) and affirm

the trial court's summary judgment order.

B. SUBSTANTIAL PREJUDICE

Ecology next argues the trial court erred in remanding Fode's appeals of the cease

and desist orders because Fode cannot establish that those orders substantially prejudiced

him. We agree.

Judicial review of agency adjudicative orders is governed by the Administrative

Procedure Act (APA), chapter 34.05 RCW. Under the APA, a "court shall grant relief

only if it determines that a person seeking judicial relief has been substantially prejudiced

by the action complained of." RCW 34.05.570(1)(d). The party seeking relief bears the

burden of establishing prejudice. RCW 34.05.570(1)(a).

Similarly, the APA's standing requirement provides:

A person has standing to obtain judicial review of agency action if that
person is aggrieved or adversely affected by the agency action. A person is
aggrieved or adversely affected within the meaning of this section only
when all three of the following conditions are present:
  (1) The agency action has prejudiced or is likely to prejudice that
person;

15

No. 38130-7-III
*Fode v. Dep't of Ecology*

> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
>
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530.

We first address Fode's argument that Ecology's "substantial prejudice" argument is a standing challenge raised for the first time on appeal. He argues Ecology waived any challenge to standing by moving for dismissal based on the statute of limitations. We disagree with this characterization of Ecology's argument.

Ecology has never disputed that Fode has standing to argue that his appeals of the cease and desist orders were timely. Ecology focuses on remedies, not on standing. Ecology argues remand is not an appropriate remedy because Fode cannot establish he was substantially prejudiced by the dismissal of his appeals of the cease and desist orders. Because Ecology raised this argument below, it is properly before us.

Fode argues he was substantially prejudiced by the PCHB's erroneous dismissal of his cease and desist appeals. He argues the dismissal caused the PCHB to apply res

No. 38130-7-III
*Fode v. Dep't of Ecology*

judicata,[5] which prevented him from presenting the "technical assistance" evidence in the later penalty appeal. While his point is well taken, we note that Fode is prejudiced by the $260,000 in penalties imposed against him, not by the cease and desist orders.

As explained below, remanding to allow Fode to present evidence on the cease and desist orders has no impact on his appeal of the penalties. Fode's argument is based on an erroneous reading of RCW 90.03.605(1)(c), which leads him to believe that Ecology may not issue penalties if its prior cease and desist orders were invalid.

RCW 90.03.605 provides:

(1) The department shall . . . achieve compliance with the water laws and rules of the state of Washington in the following sequence:
    (a) The department shall prepare and distribute technical and educational information to the general public to assist the public in complying with the requirements of their water rights and applicable water laws;
    (b) When the department determines that a violation has occurred or is about to occur, it shall first attempt to achieve voluntary compliance. As part of this first response, the department shall offer information and

---

[5] The PCHB misapplied res judicata. That doctrine bars relitigation of claims and issues that were litigated, or might have been litigated, in a prior action. *Pederson v. Potter*, 103 Wn. App. 62, 69, 11 P.3d 833 (2000). "The threshold requirement of res judicata is a valid and final judgment on the merits in a prior suit." *Emeson v. Dep't of Corr.*, 194 Wn. App. 617, 626, 376 P.3d 430 (2016). Here, the PCHB dismissed Fode's appeals of the cease and desist orders on a procedural ground, not on the merits. Thus, the PCHB erred in applying res judicata to bar some of Fode's technical assistance evidence. We note that this error occurred irrespective of how we decided the timeliness issue.

17

No. 38130-7-III
*Fode v. Dep't of Ecology*

> technical assistance to the person in writing identifying one or more means
> to accomplish the person's purposes within the framework of the law; and
>     (c)  If education and technical assistance do not achieve compliance
> the department shall issue a notice of violation, a formal administrative
> order under RCW 43.27A.190,[6] **or** assess penalties under RCW 90.03.600
> unless the noncompliance is corrected expeditiously or the department
> determines no impairment or harm.

(Emphasis added.)

Fode and amicus curiae Washington Farm Bureau argue that RCW 90.03.605(1)

requires Ecology to: (a) provide technical and educational information to the public,

(b) attempt to achieve voluntary compliance through written technical assistance, and

then (c) if voluntary compliance is not achieved, (1) issue a notice of violation, (2) then a

formal administrative order (such as a cease and desist order), and (3) only then may it

impose penalties.  Their view that Ecology may not impose penalties without first issuing

a formal cease and desist order is contrary to the plain language of subsection (c).

RCW 90.03.605(1) does require Ecology to provide written technical assistance

prior to issuing a cease and desist order or penalties.  But Ecology is not required to issue

a cease and desist order before imposing penalties.  Ecology may take any number of

enforcement actions after providing technical assistance.  There is nothing in the statute

---

[6] RCW 43.27A.190(7) authorizes Ecology to issue written regulatory orders on persons who violate the water code, ordering them to cease and desist or, in some cases, ordering necessary corrective action to be taken.

18

No. 38130-7-III
*Fode v. Dep't of Ecology*

indicating that Ecology must first issue a notice of violation, second issue a cease and desist order, and third issue penalties. All three enforcement actions are presented in the same step of the statutory procedure, separated by the word "or." RCW 90.03.605(1)(c). Ecology can undertake one of the actions, two of the actions, or all three actions in any particular order—so long as it first attempts to achieve voluntary compliance. Simply stated, the validity of penalties issued by Ecology is not dependent on the validity of a prior cease and desist order.

Here, the PCHB decided Fode's appeals of the cease and desist orders separately from Fode's later appeal of the penalties. The trial court's review of each matter is confined to the agency record. RCW 34.05.558. If the erroneously excluded technical assistance evidence is admitted in the appeal of the cease and desist orders, it will have no impact in the appeal of the penalties. We doubt this is the remedy Fode seeks or the remedy the trial court intended. The proper remedy is for the trial court to remand the *penalty appeal* to the PCHB with directions to admit any erroneously excluded technical assistance evidence and to enter amended findings of fact and conclusions of law. The parties can then file the amended findings and conclusions in the Grant County Superior Court penalty action for review.

19

No. 38130-7-III
*Fode v. Dep't of Ecology*

However, we are without authority to order this. While the appeal of the cease and desist orders is before us, the penalty appeals are not. We therefore remand this appeal to the trial court for Fode to request the proper relief as outlined in the above paragraph.

In conclusion, we affirm the trial court's summary judgment ruling that Fode's appeals of the cease and desist orders were timely. We reverse the trial court's later order remanding the cease and desist appeals to the PCHB.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Ferrera, J.P.T.

20